UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MICHAEL JAMES GRADY

        Plaintiff,

v.                                  CASE NO. 11-10170
                                  HONORABLE NANCY G. EDMUNDS
PATRICIA L. CARUSO, DEFENDANT
UNKNOWN, SUBRINA AIKEN,
VICKI CARLSON, and ZIVIT COHEN,

        Defendants.
_____/

## **ORDER OF DISMISSAL**

### I. INTRODUCTION

This matter is pending before the Court on plaintiff Michael James Grady's *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff is a state prisoner at the G. Robert Cotton Correctional Facility in Jackson, Michigan. The defendants are: Patricia L. Caruso, who is the Director of the Michigan Department of Corrections; registered nurses Vicki Carlson and Subrina Aiken, who responded to Plaintiff's grievance at the first and second steps of grievance procedures at the Cotton Correctional Facility; an unnamed defendant, who responded to Plaintiff's grievance at the third step of grievance procedures; and Zivit Cohen, who is a medical doctor at the Cotton Correctional Facility.

The complaint alleges that Plaintiff is a chronic care patient with a swollen left foot. In 2008, Dr. Peter Scuccimarri prescribed athletic shoes with left heel inserts for Plaintiff in conjunction with treatment for chronic hypertension, asthma, and cellulitis. On February 12, 2009, Plaintiff was issued special athletic shoes with instructions to request

replacement shoes in twelve months. By March 12, 2010, Dr. Scuccimarri no longer worked at the correctional facility, and Plaintiff was informed that he needed approval from a regional medical officer to receive replacement athletic shoes. Plaintiff subsequently explained the situation to Dr. Zivit Cohen, his new primary care physician, who refused to renew or reissue the prescription for athletic shoes with a left heel insert. Plaintiff pursued prison grievance proceedings without success. He also sought a declaratory ruling from defendant Caruso, but he received no relief.

Plaintiff alleges that he has been forced to wear shoes that cause pain and exacerbate his medical condition. He sues the defendants in their individual and official capacities for money damages and a declaratory judgment.

## II. STANDARD OF REVIEW

The Court has granted Plaintiff leave to proceed without prepayment of the fees and costs for this action. The Court may dismiss an indigent prisoner's civil rights complaint if the complaint (1) is frivolous or malicious or fails to state a claim for which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32, 104 L. Ed. 2d 338 (1989).

While a complaint need not contain "detailed factual allegations," a plaintiff's obligation to provide grounds entitling him to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007) (citations omitted). Conclusory statements will not suffice. *Ashcroft v. Iqbal*,

__ U.S. __, __, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (citing *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955). "So, to survive scrutiny under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Hill v. Lappin*, __ F.3d. __, __, No. 09-5575, 2010 WL 5288892, at *2 (6th Cir. Dec. 28, 2010) (quoting *Iqbal*, 129 S. Ct. at 1949).

"To state a claim under § 1983, a plaintiff must set forth facts that, when construed favorably, establish: 1) the deprivation of a right secured by the Constitution or laws of the United States; 2) caused by a person acting under the color of state law." *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009) (citing *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009)). "[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, 'sufficiently serious;' a prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities.'" *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 1977, 128 L. Ed. 2d 811 (1994) (citations omitted). Second, the prison official must have a "sufficiently culpable state of mind," that is, deliberate indifference to the inmate's health or safety. *Id.* (citations omitted).

"Where prison officials are so deliberately indifferent to the serious medical needs of prisoners as to unnecessarily and wantonly inflict pain, they impose cruel and unusual punishment in violation of the Eighth Amendment." *Horn by Parks v. Madison County Fiscal Ct.*, 22 F.3d 653, 660 (6th Cir. 1994) (citing *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S. Ct. 285, 291, 50 L. Ed. 2d 251 (1976)). However, when "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims

which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860, n. 5 (6th Cir. 1976). "Deliberate indifference . . .does not include negligence in diagnosing a medical condition." *Sanderfer v. Nichols,* 62 F.3d 151, 154 (6th Cir. 1995).

Plaintiff challenges the medical decision not to prescribe special athletic shoes for him. The complaint and attachments indicate that Plaintiff was examined and evaluated by a medical provider on August 5, 2010. The medical provider submitted a request to the regional medical officer for athletic shoes with a left heel insert for Plaintiff. The regional medical officer, however, denied the request after determining that Plaintiff did not qualify for special accommodation shoes. Plaintiff was informed that the shoes were available for purchase through an approved vendor or the Quartermaster.

Plaintiff's claim involves a mere difference of opinion between him and medical personnel regarding the appropriate treatment for his medical condition. Whether prescription shoes are required is a matter for medical judgment, and the alleged denial of adequate treatment does not constitute deliberate indifference to a serious medical need, nor cruel and unusual punishment under the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. at 107, 97 S. Ct. at 292-93.

Furthermore, the denial of Plaintiff's grievance fails to state a claim for which relief may be granted. *Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006). For this additional reason, Plaintiff has failed to state a claim against defendants Vicki Carlson, Subrina Aiken, and the unnamed defendant, all of whom denied Plaintiff's grievance.

### III. CONCLUSION

The complaint contains factual averments, that, if true, fail to state a claim to relief which is plausible under the Eighth Amendment. Consequently, the complaint is summarily

dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  If Plaintiff elects to appeal this decision, he may not proceed without prepayment of the fees and costs on appeal because an appeal would be frivolous and could not be taken in good faith.  28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445, 82 S. Ct. 917, 921, 8 L. Ed. 2d 21 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

                        s/Nancy G. Edmunds  
                        Nancy G. Edmunds  
                        United States District Judge

Dated:  February 7, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 7, 2011, by electronic and/or ordinary mail.

                        s/Carol A. Hemeyer  
                        Case Manager